FORMER EMPLOYEES OF SOUTHERN TRIANGLE OIL CO., PLAINTIFF *v.*
U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 89-03-00158

(Dated February 14, 1991)

*Charles Pierson*, pro se.
*Stuart M. Gerson*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, U. S. Department of Justice (*Vanessa P. Sciarra*) for the defendant.

MUSGRAVE, *Judge*: This action was initiated by Mr. Charles Pierson, a former employee of the Southern Triangle Oil Company, to contest the refusal by the Department of Labor ("Labor") to permit him to participate in the worker adjustment assistance benefits program being administered for other former employees of the company. In an opinion of February 14, 1990, 14 CIT 100, 731 F. Supp. 517, this Court determined that the refusal to allow Mr. Pierson to participate was wrongful and in violation of the adjustment assistance legislation, especially in the light of amendments to that legislation recently enacted by Congress. Those amendments expressly extended the coverage of the adjustment assistance legislation to certain categories of workers to whom the applicability of the legislation had previously been in doubt. In its February 14 opinion the Court identified three requirements in the amendment that must be met in order for a worker to qualify thereunder: first, the certification of the particular assistance program under which the worker seeks to participate must have been made in response to a petition that was filed before November 23, 1988; second, the certification must be one that would not have been made but for subparagraph (A) of the amendment (making clear that the assistance legislation applies to persons formerly employed by firms engaged in the exploration or drilling for, or the production otherwise of, oil or natural gas); and third, the worker seeking to participate in the program must have been most recently separated, wholly or in part, from employment at the particular firm on or after September 30, 1985. 14 CIT at 103, 731 F. Supp. at 520. Data contained in the administrative record showed that the first and third criteria were met, and the Court so recognized; the only issue remaining for decision was whether the second requirement was met, that is, whether the assistance program under which Mr. Pierson sought to participate would not have been certified had Congress not enacted subparagraph (A) of the 1988 amendment. The Court concluded that the third requirement was met and stated,

> The amendment, then, clearly extends to workers like Mr. Pierson who lose their jobs drilling for oil as a result of increases in oil imports.

14 CIT at 104, 731 F. Supp. at 521. In response to arguments by the Government that the requirement was not met, the Court further stated,

> Based on the unambiguous language of subparagraph (A), its accompanying legislative history, and [previous court decisions], it is clear that Mr. Pierson and Southern Triangle are precisely the kind of worker and company to which Congress intended the amendment to apply.

*Id.* Thus, in the light of its conclusion that Congress added subparagraph (A) to make clear that the adjustment assistance legislation was applicable to persons such as Mr. Pierson who had previously been excluded from participation in the assistance programs, the Court held that the third requirement was met and that Labor's refusal to allow Mr. Pierson to participate in the program in question was unlawful.

Having heard an appeal of that decision, the Court of Appeals for the Federal Circuit in its opinion of January 22, 1991 held that the factual record was insufficient to support this Court's judgment.[1] In that opinion, the Court of Appeals stated,

> In this case, the record does not reveal that a finding has been made, by the Department of Labor or by the Court of International Trade, that Mr. Pierson or other workers separated from Southern Triangle [during the period in question] would not have been certified as eligible for assistance but for the 1988 amendments.[2]

The Court of Appeals vacated the opinion of this Court and ordered that the case be remanded to Labor to find the legally operative facts as identified in the Court of Appeals' opinion.

Accordingly, the Court hereby remands this action to the Department of Labor in accordance with the Court of Appeals' opinion, with instructions that Labor make a finding identified in the opinion of the court of Appeals. Labor shall report its finding to this Court within twenty (20) days from the date on which this Order is issued.

---

[1]*Former Employees of Southern Triangle Oil Co. v. United States*, Appeal No. 90–1351 (unpublished).
[2]*Id.* at p.2.